IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEREMY JONES,<br>400 6th Street, S.W.<br>Washington, D.C. 20020<br><br>    Plaintiff,<br>v.<br><br>DISTRICT OF COLUMBIA<br>a municipal corporation<br>1350 Pennsylvania Avenue, N.W.,<br>Washington, D.C. 20001<br><br>    and<br><br>DISTRICT OF COLUMBIA PUBLIC SCHOOLS<br>825 North Capitol Street, N.E.<br>Ninth Floor<br>Washington, D.C. 20002,<br><br>    Defendants. | Civil Action No.<br><br>Calendar<br><br>Judge |

## COMPLAINT

### NATURE OF THE ACTION

1.  This is an appeal from an administrative ruling under the Individuals with Disabilities Education Act (hereinafter "IDEA"). 20 U.S.C. § 1400 et seq. Plaintiff seeks reversal of a hearing officer's determination, compensatory education and other appropriate relief.

### JURISDICTION AND VENUE

1

2. Both subject matter and personal jurisdiction are properly found in the District Court for the District of Columbia pursuant to 20 U.S.C. § 1415(i)(2)(A). Venue is proper in this District pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Plaintiff, Jeremy Jones (hereinafter "Jeremy") is an eighteen year-old adolescent who became a ward of the District of Columbia in 2001 due to neglect on the part of his stepmother and guardian. Jeremy has resided within the District of Columbia at all times material to the subject-matter of this complaint.

4. Defendant, District of Columbia (hereinafter "District of Columbia") is a municipal corporation having its principal place of business at 1350 Pennsylvania Avenue, N.W., Washington D.C.

5. Defendant, the District of Columbia Public Schools (hereinafter "DCPS") is the entity authorized by Defendant, District of Columbia, to administer the provision of special education and related services to wards of the District of Columbia.

## STATEMENT OF FACTS

6. Jeremy was first identified as a student eligible for the receipt of special education and related services under the IDEA when he was approximately six years old. Since being determined eligible, Jeremy has received special education and related services through the District of Columbia Public Schools (hereinafter "DCPS"), and its agents, as a student suffering from both emotional disturbance and a severe learning disability.

7. Jeremy enrolled in City Lights, a therapeutic day school and a DCPS-approved Special Education Provider, in approximately August 1999 and continued to attend school there through the end of the 2004-2005 school year.

8. On December 17, 2004, the DCPS and its agent, City Lights School, convened a multidisciplinary team meeting and there developed an Individualized Education Program (hereinafter "IEP") for Jeremy, as required by the IDEA. Included in said IEP is Jeremy's IDEA-mandated Transition Services Plan, which details which services Jeremy should receive in order to facilitate his transition from the City Lights School to an appropriate post-graduate educational, vocational, technical or other secondary level program. Jeremy's Transition Services Plan states that Jeremy should receive a pre-vocational assessment as part of the process of preparing for his then-impending transition from City Lights School after his June 2005 graduation.

9. Unfortunately, following the December 17, 2004 multidisciplinary team meeting, City Lights School did not conduct the pre-vocational assessment of Jeremy. Moreover, the DCPS did not cause the pre-vocational assessment of Jeremy to be conducted by City Lights School or any other agency.

10. Thus, on April 8, 2005, Jeremy's counsel requested a due process hearing on Jeremy's behalf based on the DCPS' failure to provide Jeremy a free an appropriate public education (hereinafter "FAPE") as required by the IDEA and in accordance with Jeremy's IEP.

11. The District of Columbia Public Schools' failure to ensure that Jeremy undergo a pre-vocational assessment, as prescribed in his IEP, and to ensure that his school implement the recommendations resulting from such an assessment resulted in detriment to Jeremy, in that Jeremy was ill-prepared for the transition from City Lights School to post-graduate living.

12. The due process hearing was held on May 16, 2005 before Hearing Officer Terry Michael Banks.

13. At the due process hearing, Jeremy's IEP and Transition Services Plan, requiring a pre-vocational assessment, were admitted into evidence. Transcript, Administrative Hearing before Hearing Officer Terry Michael Banks (May 16, 2005), at 4.

14. At the due process hearing, Cathy Berry, District of Columbia Public Schools Placement Specialist and liaison to the City Lights School, testified that the City Lights Vocational Director and Transition Coordinator, Shawnee Dunn, had already conducted a pre-vocational assessment of Jeremy; and that a report had been developed from the results of that assessment; and that said report would be distributed for use at an IEP meeting for Jeremy, scheduled to occur later in the month. Id. at 10-13.

15. Thereafter, Hearing Officer Banks called Shawnee Dunn to testify via telephone as to whether or not a pre-vocational assessment of Jeremy had been conducted and whether or not there was in existence a report from said vocational assessment. Id. at 16-18.

16. Shawnee Dunn testified that a pre-vocational assessment had not been conducted of Jeremy and that City Lights School was instead giving Jeremy one-third of

a full vocational assessment. Ms. Dunn testified further that Jeremy should have received the pre-vocational assessment approximately four years earlier so that a transition program could have been designed for Jeremy and implemented over the four year period leading up to his graduation. Id. at 18-27.

17. Shawnee Dunn also testified that City Lights School did not begin to conduct part I of the three-part full vocational assessment until April 27, 2005; that the assessment being conducted had not yet been completed; and that City Lights School would not be able to provide Jeremy with any transition services based on the results of his assessment before his graduation in June. Id.

18. Shawnee Dunn then testified that Jeremy will be able to receive the services that City Lights School and the DCPS failed to provide through the District of Columbia's Rehabilitative Services Administration (hereinafter "RSA") after his graduation from City Lights School. Id. at 29-30

19. Shawnee Dunn is not a representative of RSA; no representative of RSA was in attendance at the due process hearing; and no testimony was offered by an RSA representative to confirm the availability or appropriateness of RSA vocational services for Jeremy. See Transcript, Administrative Hearing before Hearing Officer Terry Michael Banks (May 16, 2005).

20. Hearing Officer Banks issued a final determination on June 1, 2005 in which he dismissed Jeremy's petition with prejudice, ruling that "DCPS has met its burden of proving that it has not failed to provide Petitioner all necessary vocational services. Petitioner has received the assessment that was routinely prescribed in his latest IEP." Hearing Officer's Determination (May 16, 2005) at 4.

5

21. Hearing Officer Banks' determination is erroneous. The testimony and evidence presented at the due process hearing clearly establish that Jeremy's IEP calls for a pre-vocational assessment to be conducted of Jeremy and that at the time of the due process hearing, no pre-vocational assessment had been conducted; nor was the DCPS or City Lights School planning to conduct a pre-vocational assessment of Jeremy since the period for which the results of such an assessment would be useful had already elapsed. See Transcript, Administrative Hearing before Hearing Officer Terry Michael Banks (May 16, 2005).

22. Further, the testimony of Shawnee Dunn and Cathy Berry establishes that at the time of Jeremy's due process hearing, the DCPS and the City Lights School had not provided Jeremy with any vocational services, let alone "all necessary vocational services" as stated in the hearing officer's determination. Hearing Officer's Determination (May 16, 2005) at 4.

23. The DCPS failed to ensure that Jeremy's IEP was implemented as required by the IDEA. Said failure has resulted in irreparable harm to Jeremy who was not given the opportunity to benefit from vocational assessments, vocational planning or vocational training in an educational setting and who, as a result, graduated from City Lights School ill-prepared to transition into a post-graduate program appropriate to his interests and abilities. The hearing officer erred in ruling that said failure did not constitute a denial of FAPE to Jeremy.

**CLAIM FOR RELIEF**

**I. THE HEARING OFFICER'S DETERMINATION IS ERRONEOUS**

    a. **The District of Columbia Public Schools Did Not Meet Its Burden to Show Proof of Provision of FAPE to Jeremy**

24. Plaintiff repeats and realleges Paragraphs 1-23.

25. Jeremy's due process hearing request alleged that the DCPS failed to provide Jeremy with FAPE in accordance with the requirements of the IDEA and his IEP. Thus, at the due process hearing, the DCPS' burden was to offer proof to show that DCPS provided FAPE to Jeremy in accordance with IDEA and his IEP, not that Jeremy was provided all necessary vocational services as stated in the hearing officer's determination.

26. IDEA requires public agencies which provide special education and related services to children with disabilities to ensure that an Individualized Education Program (hereinafter "IEP") is developed <u>and implemented</u> for each child with a disability served by that agency. 34 C.F.R. 300.341; 20 U.S.C. 1412(a)(4), (a)(10)(B)).

27. Further, IDEA requires that the IEP of any student sixteen years of age or older must include a statement of needed transition services. 34 C.F.R. 300.347(b).

28. Public agencies responsible for the provision of special education and related services to children with disabilities may provide services indirectly through contract with another agency or entity; however responsibility for ensuring that FAPE is provided remains with the agency originally responsible for the special education needs of each child. 34 C.F.R. 300.142; 20 U.S.C. 1412(a) (12) (A-C); 20 U.S.C. 1408; <u>See also</u> 34 C.F.R. Part 300, Appendix A-Notice of Interpretation ¶ 31.

29. The District of Columbia Public Schools' failure to ensure

that the Transition Services segment of Jeremy's IEP was implemented constitutes a denial of the FAPE due to Jeremy in accordance with IDEA and his IEP. Thus, the District of Columbia Public Schools has not met its burden of proof.

      a.   **Plaintiff Has Not Received the Assessment Prescribed In His IEP**

30. Plaintiff repeats and realleges Paragraphs 1-29.

31. Jeremy's IEP prescribes a pre-vocational assessment. Jeremy has not received a pre-vocational assessment. See Transcript, Administrative Hearing before Hearing Officer Terry Michael Banks (May 16, 2005) at 24-26.

32.    At the time of Jeremy's hearing, he was purportedly in the process of receiving part one of a three-part, full vocational assessment. Testimony from Shawnee Dunn established that Jeremy had not received a pre-vocational assessment and would not be able to receive a pre-vocational assessment before his graduation from City Lights School. Testimony from Shawnee Dunn also established that part one of the three-part full vocational assessment includes only some of the components of the prescribed pre-vocational assessment. Thus, Jeremy has not received the assessment prescribed in his IEP, as stated in the hearing officer's determination. Id. at 24-28.

      c.   **The Hearing Officer Erred in Relying On the Availability of RSA Services**

33.    Plaintiff repeats and realleges Paragraphs 1-32.

34.    The availability of vocational services to Jeremy post-graduation through RSA is immaterial to the issue of whether or not the District of Columbia Public Schools has provided Jeremy a free and appropriate public education in accordance with FAPE and his IEP.

35.     The Hearing Officer should not have relied on testimony from the City Lights School Vocational Director and Transition Specialist to determine what, if any, vocational services, similar to those which the District of Columbia Public Schools failed to provide, would be available to Jeremy post-graduation.

36.     There was no testimony from any RSA representative regarding what vocational services RSA provides, nor was there any testimony from an RSA representative regarding Jeremy's eligibility to receive such services at the due process hearing, thus the hearing officer erred in determining that Jeremy will be provided vocational services through RSA following his imminent graduation.  <u>See</u> Transcript, Administrative Hearing before Hearing Officer Terry Michael Banks (May 16, 2005).

## II. DCPS Has Denied Jeremy FAPE in Violation of THE IDEA

37.     Plaintiff repeats and realleges Paragraphs 1-36.

38. Title V of the District of Columbia Municipal Regulations embodies the policies and procedures promulgated by the DCPS to ensure compliance with IDEA.

39.     Title V of the District of Columbia Municipal Regulations allots 60 working days to conduct an assessment of a student receiving special education and related services.  5 D.C.M.R. 3010.2.  Thus, Jeremy's pre-vocational assessment, which was prescribed on December 17, 2004, should have been conducted prior to March 31, 2005.

40.     Had the DCPS met its statutory obligations to Jeremy, arising out of both FAPE and the DCMR, Jeremy would have had approximately three months to make use

of the results of his pre-vocational assessment in an educational setting and would have been better prepared for the transition from City Lights School to post-graduate living.

41. The DCPS has failed to comply with the mandates of IDEA, as well as the mandates of the District of Columbia Municipal Regulations, and this failure has resulted in a denial of FAPE to Jeremy and produced irreparable harm to this young man who has, even at the time of this appeal, already been thrust into the world of post-graduate living, ill-prepared to meet its many challenges.

## PRAYER FOR RELIEF

**WHEREFORE**, Jeremy Jones requests that the Court enter a judgment:

A. Reversing the decision of the Hearing Officer below;

B. Ruling that the DCPS has failed to provide Jeremy a free and appropriate public education in accordance with IDEA and Jeremy's IEP;

C. Award compensatory education for Jeremy in the form of an Order requiring the DCPS to cause a full vocational evaluation to be conducted of Jeremy within thirty days and to fund no less than three appointments for Jeremy to work with a vocational counselor;

D. Award Jeremy costs and attorney's fees; and

E. Grant such other and further relief as the Court deems just and proper.

Dated: June 29, 2005

Respectfully submitted,

                                        _____
Anthony R. Davenport (D.C. Bar No. 405079)
Angela T. Green (D.C. Bar No. 484436)

                Attorneys for Plaintiff
                Anthony R. Davenport, Esq., P.C.
                601 Pennsylvania Avenue, N.W.
                Suite 900
                Washington, D.C. 20004