**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JEREMY JONES, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1299 (RMU) |
| ) | |
| DISTRICT OF COLUMBIA, <u>et al.,</u> ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' ANSWER TO COMPLAINT**

Defendants District of Columbia and the District of Columbia Public Schools[1], by counsel, here answer Plaintiff's Complaint as follows (paragraph numbers below correspond to the paragraph numbers in the Complaint):

1.      The allegations contained in paragraph 1 of the Complaint are conclusions of law and/or of the pleader to which no response is required. If a response is required, then the same allegations are denied, except that Defendants admit the existence of the cited statute.

2.      Defendants admit the allegations in paragraph 2 of the Complaint.

3.      Defendants admit the allegations in paragraph 3 of the Complaint.

4.      Defendants admit the allegations in paragraph 4 of the Complaint.

5.      Defendants deny the allegations in paragraph 5 of the Complaint to the extent that they imply that DCPS is solely responsible for such services.

---

[1] The complaint must be dismissed as to the District of Columbia Public Schools because it is <u>non sui juris</u>. <u>Tschanneral v. District of Columbia Bd. of Educ.</u>, 594 F. Supp. 407, 408 (D.D.C. 1984).

6.    Defendants admit the allegations in paragraph 6 of the Complaint.

7.    Defendants admit the allegations in paragraph 7 of the Complaint.

8.    Defendants admit the allegations contained in paragraph 8 of the Complaint.

9.    Defendant denies the allegations contained in paragraph 9 of the Complaint.

10.    Defendants admit the allegations contained in paragraph 10 of the Complaint. .

11.    Defendants deny the allegations contained in paragraph 11 of the Complaint.

12.    Defendants admit the allegations contained in paragraph 12 of the Complaint.

13.    Defendants admit the allegations contained in paragraph 13 of the Complaint.

14.    Defendants deny the allegations contained in paragraph 14 that Cathy Berry testified that Shawnee done had already conducted a pre-vocational assessment of Jeremy and that a report had been developed from the results of that assessment. Defendants admit the remaining allegations in paragraph 14 of the Complaint.

15.    Defendants admit the allegations contained in paragraph 15 of the Complaint.

16.    Defendants deny the allegations contained in paragraph 16 of the Complaint.

17.     Defendants admit that the vocational testing conducted by Shawnee Dunn began on April 27 and had not yet been completed at the time of the hearing.  Defendants deny the remaining allegations contained in paragraph 17 of the Complaint.

18.     Defendants deny the allegations as contained in paragraph 18 of the Complaint.

19.     Defendants admit the allegations in paragraph 19 but deny that they are relevant to the issue of whether Jeremy received vocational services.

20.     The Hearing Officer's decision in paragraph 20 of the Complaint speaks for itself; otherwise the allegations are characterizations of the pleader to which no response is required.   If a response is required, then the same are denied.

21.     The allegations in paragraph 21 of the Complaint are conclusion of law and/or of the pleader to which no response is required.  If a response is required, then the same are denied.

22.     The allegations in paragraph 22 of the Complaint are conclusion of law and/or of the pleader to which no response is required.  If a response is required, then the same are denied.

23.     The allegations in paragraph 23 of the Complaint are conclusion of law and/or of the pleader to which no response is required.  If a response is required, then the same are denied.

24.     Defendants incorporate as though restated each of the answers stated in paragraph 1 through 23 above.

25.     Defendants admit the allegations contained in the first sentence of in paragraph 25.   The remaining allegations in paragraph 25 are conclusions of law and/or

of the pleader to which no response is required.  If a response is required, then the same are denied.

26.    Defendants admit the existence of the statute and regulation cited in paragraph 26 which speak for themselves.  Otherwise the allegations are legal and/or factual characterizations of the pleader to which no response is required.  If a response is required, then the same are denied.

27.    Defendants admit the existence of the regulation cited in paragraph 27 which speaks for itself.  Otherwise the allegations are legal and/or factual characterizations of the pleader to which no response is required.  If a response is required, then the same are denied.

28.    Defendants admit the existence of the statutes and regulations cited in paragraph 28 which speak for themselves.  Otherwise the allegations are legal and/or factual characterizations of the pleader to which no response is required.  If a response is required, then the same are denied.

29.    The allegations in paragraph 29 of the Complaint are legal and/or factual characterizations of the pleader to which no response is required.  If a response is required, then the same are denied.

30.    Defendants incorporate as though restated each of the answers stated in paragraphs 1 through 29 above.

31.    Defendants admit the allegations in the first sentence of paragraph 30 and deny the remaining allegations in said paragraph of the Complaint.

32.    Defendants admit that at the time of Jeremy's hearing, he was in the process of receiving part one of a three-part, full vocational assessment. The remaining

allegations in paragraph 32 of the Complaint are characterizations of the transcript, which speaks for itself, or legal and/or factual conclusions of the pleader to which no response is required. If such is required, they are denied.

33. Defendants incorporate as though restated each of the answers stated in paragraphs 1 through 32 above.

34. The allegations contained in paragraph 34 of the Complaint are legal/and or factual conclusions of the pleaders to which no response is required. If such is required, they are denied.

35. The allegations contained in paragraph 35 of the Complaint are legal/and or factual conclusions of the pleaders to which no response is required. If such is required, they are denied.

36. The allegations in paragraph 36 are characterizations of the transcript, which speaks for itself, or legal and/or factual conclusions of the pleader to which no response is required. If a response is required, then the same are denied.

37. Defendants incorporate as though restated each of the answers stated in paragraphs 1 through 36 above.

38. Defendants admit the existence of the regulations cited in paragraph 38 which speak for themselves.

39. The allegations in paragraph 39 of the Complaint are legal/and or factual conclusions of the pleader to which no response is required. If such is required, they are denied.

40.     The allegations in paragraph 40 of the Complaint are legal/and or factual conclusions of the pleaders to which no response is required.  If such is required, they are denied.

41.     The allegations in paragraph 41 of the Complaint are legal/and or factual conclusions of the pleaders to which no response is required.  If such is required, they are denied.

BY WAY OF FURTHER ANSWER, Defendants deny all allegations of wrong-doing not otherwise responded to or admitted.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Hearing Officer's Decision is supported by substantial evidence in the administrative record and should be affirmed.

WHEREFORE, Defendant demands that the Complaint be dismissed and that Defendants be awarded the expense of litigation, costs, and interest, and such other relief as the Court deems just and proper.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General of the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

**/s/ Edward P. Taptich**
EDWARD P. TAPTICH [#012914]
Chief, Equity Section 2

<u>**/s/ Carol E. Burroughs**</u>
CAROL E. BURROUGHS [#415432]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
**August 23, 2005**                    (202) 724-6520