IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JEREMY JONES,**<br>400 6th Street, S.W.<br>Washington, D.C. 20020<br><br>         Plaintiff,<br><br>   v.<br><br>**DISTRICT OF COLUMBIA**<br>a municipal corporation<br>1350 Pennsylvania Avenue, N.W.,<br>Washington, D.C. 20001<br><br>   and<br><br>**DISTRICT OF COLUMBIA PUBLIC SCHOOLS**<br>825 North Capitol Street, N.E.<br>Ninth Floor<br>Washington, D.C. 20002,<br><br>         Defendants. | Case No. 1:05CV01299<br><br>Judge: Ricardo M. Urbina<br><br>Deck Type: Admin. Review<br><br>Filed: 6/29/05 |

## LOCAL RULE 16.3 MEET AND CONFER MEMORANDUM REPORT

The instant case is an appeal of an administrative ruling under the Individuals with Disabilities Education Act (hereinafter "IDEA"). Both subject matter jurisdiction and personal jurisdiction are properly found in the District of Columbia because the Plaintiff is an eighteen-year old ward of the District of Columbia and the government of the District of Columbia is the Defendant. The Plaintiff seeks reversal of a hearing officer's determination, compensatory education, and other relief deemed appropriate by the Court.

1. Plaintiff does not believe that the case is likely to be disposed of by dispositive motions. Defendants believe that the case can be decided on the record by dispositive motion.

2. Plaintiff would like to amend the pleadings to include an electronic copy of the transcript from the Plaintiff's May 16, 2005 due process hearing at the District of Columbia Public Schools' headquarters, the events of which are the subject of Plaintiff's complaint. Plaintiff filed a hard copy of the transcript with the Court on or about July 28, 2005. Plaintiff also delivered a hard copy of the transcript to Defendant's counsel on or about November 14, 2005. Plaintiff will file an electronic copy of the transcript before the deadline for the filing of the instant memorandum. Plaintiff does not believe that the factual issues or the legal issues can be agreed upon or narrowed. Defendant does not see any purpose to the filing of an electronic copy of the transcript. Again, Defendants believe the case can be decided on motion with the record.

3. Plaintiff does not believe that the case should be assigned to a magistrate judge. Defendants do not believe that the case should be assigned to a magistrate judge.

4. Plaintiff is amenable to settlement; however, having received no offer of settlement from the Defendant, Plaintiff does not believe there is a realistic possibility of settlement. Defendants contend that counsel for the Defendants has agreed to discuss the possibility of settlement with the client agency but has not yet reached her client contact.

5. Plaintiff does not believe that this matter can be resolved by ADR. Defendants do not believe this matter can be resolved by ADR.

6. Plaintiff does not believe that this matter can be resolved by summary judgment or by motion to dismiss. Defendants believe the case can be decided on motion with the record.

7. Plaintiff believes he is in receipt of all of the information required in the initial disclosures under Rule 26 (a) (1). However, subsequent depositions and discovery may lead to additional information that will require depositions of currently unknown individuals or discovery of currently unknown information. Defendants do not believe discovery is needed.

8. Plaintiff anticipates depositions of individuals who participated in the underlying administrative due process hearing, and of individuals who were responsible for the development or the implementation of the Plaintiff's Individualized Education Program. This process will include a limited number of individuals and should not require more than 60 days for the Plaintiff. Discovery should be completed by April 1, 2005. Defendants object to the taking of depositions of individuals who were called and questioned by both parties at the hearing and/or those who could have been called at the hearing but were not.

9. At present, the parties do not anticipate the use of expert witnesses.

10. There are currently no Rule 23 issues before the Court and none are anticipated.

11. The parties do not anticipate any bifurcation or phasing of the trial.

12. Plaintiff is amenable to a pre-trial conference date within 30 days of the end of discovery, or May 1, 2005.

13. Plaintiff is amenable to a trial date within 30 days of the pre-trial conference, or June 1, 2005.

14. Plaintiff does not anticipate any additional issues to be included in a scheduling order.

Dated: November 23, 2005

                Respectfully submitted,

                **/s/ Anthony R. Davenport**
                ANTHONY R. DAVENPORT, ESQ.
                (D.C. Bar No. 405079)

                **/s/ Angela T. Green**
                ANGELA T. GREEN, ESQ.
                (D.C. Bar No. 484436)
                Attorneys for Plaintiff
                ANTHONY R. DAVENPORT, ESQ., P.C.
                601 Pennsylvania Avenue, N.W.
                Suite 900
                Washington D.C. 20004

                ROBERT J. SPAGNOLETTI
                Attorney General of the District of Columbia

                GEORGE C. VALENTINE
                Deputy Attorney General
                Civil Litigation Division

                **/s/ Edward P. Taptich**
                EDWARD P. TAPTICH [#012914]
                Chief, Equity Section 2

**/s/ Carol E. Burroughs**
CAROL E. BURROUGHS [#415432]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6520